**Ulas MURPHY, Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.**

No. 81–5234.

United States Court of Appeals, Sixth Circuit.

Argued May 5, 1982.

Decided June 16, 1982.

Rodney Buttermore, Jr., Harlan, Ky., Alva A. Hollon, Jr., Hazard, Ky., for plaintiff-appellant.

Patrick Molloy, U. S. Atty., Miles H. Franklin, Asst. U. S. Atty., Lexington, Ky., for defendant-appellee.

Before KEITH, MERRITT and JONES, Circuit Judges.

PER CURIAM.

Ulas Murphy (Claimant) filed an application for disability benefits alleging that he became unable to work on June 25, 1976. His application was denied initially and upon reconsideration. Subsequently, a de novo hearing was conducted before an administrative law judge (ALJ).

Claimant testified that he was born March 11, 1919. He is married and has four children. He has a fourth grade education and has never held a job requiring reading and writing skills. He has never had vocational training. He is obese.

Claimant worked a total of 28 years in an underground coal mine. He last worked in early 1973. At that time, Claimant left the coal mine on the advice of his physician. His pulmonary condition had made it increasingly difficult for Claimant to perform his work during his last years on the job.

Claimant testified that when he exerted himself, he became extremely weak. Standing or sitting for long periods of time causes pain in his back and legs. Claimant also alleged that he has difficulty climbing stairs.

Claimant's impairments include hypertension, arthritis, a sinus problem, coal miner's pneumoconiosis, and a back problem. Claimant must take medication for his hypertension, productive cough, breathing problem and back pain. He also performs prescriptive exercises four times a day for back pain. Claimant complains that he experiences a smothering sensation when he attempts to sleep.

The medical evidence submitted before the ALJ is as follows. Dr. William Anderson, a certified reader of coal miners' x-rays and a faculty member at the University of Louisville Medical School, stated that a chest x-ray taken by Dr. Boyce Jones revealed black lung, category 2Q. Dr. Anderson recommended that Claimant remove himself from underground coal mining.

Dr. Richard O'Neil, a board certified internist and an Assistant Professor of Medicine at the University of Kentucky College of Medicine, examined Claimant on January 11, 1973. He determined that Claimant had black lung, category 1/1. The spirometry and blood gas studies which Dr. O'Neil performed were negative. Dr. O'Neil recommended that Claimant remove himself from coal mining.

Dr. L. J. Bogartz, a board certified internist specializing in pulmonary diseases and the Assistant Director of the Medical Chest Clinic at the University of Tennessee Memorial Research Center and Hospital, examined Claimant on January 24, 1973. Although he found black lung, category 1/1, his physical examination failed to reveal any significant abnormalities which would substantiate Claimant's allegations of back pain. He recommended that Claimant avoid further exposure to the dust of coal mines.

Dr. Abdulkader Dahhan examined Claimant in July of 1976. He, too, diagnosed coal miner's pneumoconiosis, but concluded that it did not represent a significant pulmonary problem. The physical capacity evaluation completed by Dr. Dahhan indicated that Claimant could sit, stand, or walk for seven hours. Moreover, he could lift and carry up to 50 pounds occasionally. Claimant had no limitation in the use of his hands or feet for repetitive movements. He could bend, squat, and reach above shoulder level occasionally, but could not crawl or climb. Dr. Dahhan also indicated that Claimant was not subject to restrictions which would limit his ability to operate moving machinery or automobiles.

Dr. Kenneth Wier, a general practitioner, also examined Claimant. He found Claimant to be totally disabled. He based his diagnosis on Claimant's high blood pressure, obesity, progressive pulmonary disease and chronic cardiovascular condition.

The ALJ evaluated this evidence and determined that Claimant was not disabled. Although a vocational expert did not testify, the ALJ concluded that Claimant's impairments were not of sufficient severity to preclude substantial gainful employment.

The United States District Court for the Eastern District of Kentucky affirmed the decision of the Secretary. Upon consideration of the briefs, arguments of counsel, and the record, we reverse and remand this action to the District Court with instructions to remand to the Secretary for an expedited determination of whether Claimant is entitled to benefits under the Grid. *See* 20 C.F.R. 404.1562. The Secretary should be permitted to reconsider the case and apply the new regulation before this Court applies the Grid. This procedure should be followed in all pending cases where it appears that application of the Grid may produce a different result.

Accordingly, it is so ORDERED.