835 F.2d 879
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ulas MURPHY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-6013.
 United States Court of Appeals, Sixth Circuit.
 Dec. 1, 1987.
 
 Before ENGEL and CORNELIA G. KENNEDY, Circuit Judges, and JOHN W. POTTER*, District Judge.
 PER CURIAM.
 
 
 1
 Claimant, Ulas Murphy, appeals the judgment of the District Court denying him social security disability benefits. Claimant alleges that the decision of the Administrative Law Judge ("ALJ") denying benefits was not supported by substantial evidence, and that the ALJ erred by failing to obtain testimony from a vocational expert to determine whether jobs existed in the national economy that claimant could perform despite his environmental restrictions. While we agree with the District Court that there is substantial evidence to support the ALJ's findings, we REVERSE and REMAND the case to the Secretary so he can determine the extent of claimant's environmental restriction, and employ a vocational expert to testify whether such a restriction precludes gainful employment in the nation's economy.
 
 
 2
 Claimant worked as a miner operator in a coal mine for twenty-eight years until 1973, when a doctor advised him that his health precluded further work in the dusty environment of the mine. He applied for and received worker's compensation benefits and Kentucky disability benefits as a result of coal worker's pneumoconiosis. He also qualified for and received federal black lung benefits and his union pension.
 
 
 3
 Claimant applied for federal disability insurance benefits on June 25, 1976, alleging that he was totally disabled by pneumoconiosis, silicosis, arthritis and hypertension. After the Secretary denied his claim later that year, and an administrative law judge concurred in 1977, he filed suit in the United States District Court for the Eastern District of Kentucky. In 1980, a magistrate recommended that the Secretary's motion for summary judgment be granted, and in 1981, the District Court agreed, and dismissed the case. Claimant appealed this decision to the Sixth Circuit Court of Appeals, which, in 1982, remanded the case to the Secretary with instructions to reconsider the case applying the medical-vocational guidelines, commonly known as "the grid." See Murphy v. Secretary of Health & Human Servs., 680 F.2d 466 (6th Cir.1982).
 
 
 4
 On remand, the ALJ applying "the grid" again denied the claim. The ALJ found that claimant's pneumoconiosis "is severe and prevents the claimant from performing his past work as a coal miner." Joint Appendix at 10. This impairment resulted in the claimant only being capable of performing "medium work activity." Id. The ALJ then turned to "the grid" to determine if there were other jobs in the national economy that claimant could perform. Using Rules 203.11 and 203.12 of Table No. 3, he found that claimant was not disabled.
 
 
 5
 Once again, claimant challenged the ALJ's finding in the District Court. And once again the District Court accepted the magistrate's recommendation that claimant should be denied benefits.
 
 
 6
 On appeal, claimant essentially makes two arguments. First, he alleges that there is insufficient evidence supporting the ALJ's decision to deny disability benefits. He argues that the ALJ did not give sufficient weight to testimony of certain doctors who thought that claimant was totally disabled. While there is definitely a difference of opinion regarding the extent of claimant's disability, there is substantial evidence supporting the ALJ's findings of fact.
 
 
 7
 Second, claimant insists that in light of the fact that he cannot work in a dusty environment, the Secretary erred in failing to produce a vocational consultant to establish what kinds of jobs, if any, that he is able to perform. At the first hearing the ALJ found that claimant could do his past work if performed "in a dust free and clean environment." Joint Appendix at 33. The ALJ, at the second hearing, reviewed the medical evidence at the first hearing and appears to have concurred in the evaluation regarding claimant's respiratory condition. Murphy claims that without evidence from a vocational expert, the grid, applied rigidly, does not provide the correct result. As support, claimant points to the recent case of Damron v. Secretary of Health & Human Services, 778 F.2d 279 (6th Cir.1985), where this Court held that:
 
 
 8
 The grid is not fully applicable when the claimant suffers from a nonexertional impairment such as an environmental restriction. 20 C.F.R. 404 Appendix 2 of Subpart P, Rule 200.00(e) provides that where an individual has both strength limitations and nonexertional limitations the grid is a "framework for consideration of how much the individual's work capability is further diminished in terms of any types of jobs that would be contraindicated by nonexertional limitations." Given Dr. May's severe restrictions as to environment and working conditions, it was incumbent upon the ALJ to hear from a vocational specialist to determine whether or not jobs existed in the national economy that Damron could still perform, taking these restrictions into account.
 
 
 9
 Id. at 282.
 
 
 10
 Thus, according to Damron, if claimant could work only in certain environments, the grid would no longer accurately reflect the number of jobs in the national economy because many of those jobs would presumably require work in restricted environments. Without a vocational expert's testimony as to how many of the potential jobs are unavailable due to an individual's restrictions, the grid not only becomes less helpful, but in many circumstances may lead to the wrong result.
 
 
 11
 The question therefore becomes whether or not claimant's respiratory problems require an environmental restriction, like the one in Damron. Dr. Bogartz testified that he thought that claimant "probably is disqualified from further hard work, especially in environments of respirable dust." Joint Appendix at 136. Also, both Drs. Anderson and O'Neill recommended that claimant remove himself from the dusty atmosphere of underground coal mining. Id. at 111, 126. This uncontroverted medical testimony is all in addition to the testimony of claimant's personal physician, Dr. Wier, who considered claimant to be "totally and permanently disabled on the basis of chronic cardiovascular and pulmonary disease." Id. at 146. All of the evidence indicates that claimant was medically prohibited from working in dusty environments.
 
 
 12
 Despite the fact that claimant specifically raised this issue before each tribunal, neither the ALJ, the Magistrate, nor the District Court addressed whether or not the claimant's job opportunities were environmentally restricted. Damron requires the Secretary to employ a vocational expert in addition to using "the grid" where the evidence on a severe nonexertional restriction is undisputed. In this case the Secretary was required to make a finding as to the extent of claimant's environmental restriction and, if he was required to work in a dust free and clean environment, to employ a vocational expert to advise whether such a restriction would preclude gainful employment in the national economy. Regretfully, this case must be reversed and remanded for such further proceedings.
 
 
 13
 The judgment of the District Court is REVERSED and the action REMANDED to the District Court with directions to remand to the Secretary for the required finding.
 
 
 
 *
 The Honorable John W. Potter, United States District Court for the Northern District of Ohio, sitting by designation